UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY DYE,

    Plaintiff,

v.                                                  Case No. 10-cv-10657
                                                  HON AVERN COHN

KAREN JOHNSON, et.al.,

    Defendants.
_____/

## **ORDER OF SUMMARY DISMISSAL**

### I.

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Jeffery Dye is a state prisoner currently confined at the Newberry Correctional Facility in Newberry, Michigan. The Court has granted Plaintiff leave to proceed in forma pauperis. For the reasons that follow, the complaint will be summarily dismissed because it is barred by the statute of limitations.

### II.

Under 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must on its own dismiss an in forma pauperis complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. Id.

The Court must read a pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept a plaintiff's allegations as true, unless they are clearly

irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.

Plaintiff claims that in 2002 he was denied access to the courts regarding his right to file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 et.seq. He alleges that he was forced to file his motion with no supporting documentation. His motion for relief from judgment was denied on November 10, 2004.

Plaintiff's claims are barred by the statute of limitations. The Court has discretion to raise the statute of limitations issue sua sponte in screening a civil rights complaint. See Scruggs v. Jones, 86 Fed. App'x 916, 917 (6th Cir. 2004) (affirming district court's sua sponte dismissal of civil rights complaint on statute of limitations grounds); Watson v. Wayne Co., 90 Fed. App'x 814, 815 (6th Cir. 2004) (court may sua sponte raise statute of limitations issue when the defense is apparent on face of the pleadings) (citing Pino v. Ryan, 49 F.3d 51, 53-54 (2nd Cir. 1995)).

Here, the complaint was signed and dated February 2, 2010, some eight years after plaintiff says he was denied access to the courts. In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991). In Michigan, the three (3) year statute of limitations contained in Mich. Comp. Laws § 600.5805(8) is the uniform limitations period to be applied to section 1983 claims which arise out of Michigan. Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986). Because the complaint was filed eight years after the alleged incident took place, his claims are barred by the statute of limitations.

IV.

Accordingly, for the reasons stated above, the complaint is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

The Court further certifies that any appeal would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: April 7, 2010

I hereby certify that a copy of the foregoing document was mailed to Jeffery Dye, 149800, Newberry Correctional Facility, Central Complex, 3001 Newberry Avenue Newberry, MI 49868 on this date, April 7, 2010, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160